**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES MOORE,

    Petitioner,

v.

SHERRY BURT,

    Respondent.

_____/

Civil No. 2:15-CV-10452
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

James Moore, ("Petitioner"), presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for second-degree murder, M.C.L.A. § 750.317, felon in possession of a firearm, M.C.L.A. § 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), M.C.L.A. § 750.227b. For the reasons that follow, the petition for a writ of habeas corpus is **DENIED**.

### I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arise from the August 1, 2009, fatal shooting of Tyrone Rayford on Conley Street in Detroit. Evidence indicated that defendant's cousin "Jay Rock" had an altercation with two teenage girls. The girls reported the incident to female relatives who lived on Conley Street and

1

also telephoned Rayford, their uncle. Following a confrontation and argument between Jay Rock and the girls' relatives, Jay Rock was seen leaving the area. Subsequently, Rayford, who was visibly intoxicated and upset, arrived, comforted his nieces, and then stated that he would take care of the matter. As Rayford walked in the middle of the street, calling out for the "coward" who assaulted his nieces, he was shot six times, including once in the head. Witnesses testified that after the shooting, defendant approached with a gun in his hands, indicated that he did not intend to actually shoot Rayford, and fled through a vacant lot toward his home. At trial, defendant presented an alibi defense through himself, his wife, and his friend James Sobczak.

Defendant's first trial ended in a mistrial after the prosecutor attempted to impeach Sobczak's trial testimony that he was living with defendant at the time of the shooting with evidence that Sobczak was a registered sex offender who did not list defendant's address as his registered address. The trial court ruled that the evidence identifying Sobczak as a sex offender violated MRE 609 and granted defendant's motion for a mistrial. Before defendant's second trial, the trial court denied defendant's motion to dismiss on double jeopardy grounds. Defendant was thereafter retried and convicted of second-degree murder and the firearm offenses.

*People v. Moore*, No. 298829, 2011 WL 6268206, at *1 (Mich. Ct. App. Dec. 15, 2011).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 491 Mich. 934, 814 N.W.2d 292 (2012).

Petitioner returned to the trial court and filed a motion for relief from judgment which raised six claims, which was denied. *People v. Moore*, No. 09-0020960-01-FC (Wayne County Cir. Ct., July 2, 2013). Petitioner's application for leave to appeal was denied. *People v. Moore,* No. 319815 (Mich. Ct. App. Feb. 27, 2014); *lv. den.* 497 Mich. 868, 853 N.W.2d 366 (2014).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. Petitioner James Moore is entitled to a writ of habeas corpus where his rights under the Double Jeopardy Clause of the United States Constitution were violated when the prosecutor's misconduct precipitated a mistrial at the first trial and the case was then retried over trial counsel's objection.

II. Petitioner James Moore is entitled to a writ of habeas corpus where his

Sixth Amendment right to confront witnesses against him was violated when the prosecution introduced statements made by a police officer during custodial interrogation and the officer did not testify nor did he have an opportunity for cross-examination.

III. Where Petitioner received new evidence that the State's star witness posted an admission to perjury on Facebook, which clearly demonstrates that her trial testimony was perjured, habeas relief is appropriate because such actions violated due process.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks

3

merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III.  Discussion

**A.  Claim # 1.  The double jeopardy claim.**

Petitioner first argues that his retrial was barred by double jeopardy because the prosecutor goaded him into moving for a mistrial by intentionally introducing prejudicial evidence that Mr. Sobczak, petitioner's alibi witness, was a sexual offender.

The Michigan Court of Appeals rejected petitioner's claim as follows:

At defendant's first trial, Sobczak testified that he had lived with defendant on Keystone Street for three years and was with defendant at the time of the shooting. On cross-examination, the following exchange occurred:

Q. Mr. Sobczak, you've indicated that you've lived on Keystone for about three years, correct, as of August 1st of '09?

A. Yes.

Q. Did you fail to list this as a home address as *a sex offender?*

A. No.

Q. *Sir, you are a registered sex offender with the State of Ohio?*

4

A. Yes. [Emphasis added.]

Defense counsel objected, arguing that the prosecutor violated MRE 609 by using a sex offense to impeach Sobczak's credibility. Defense counsel maintained that a mistrial was the only remedy to cure the prejudice, and defendant consented to the mistrial on the record. Among its reasons for granting a mistrial, the trial court was concerned that it could not "unring the bell ... regarding a violation of Michigan Rule of Evidence 609, the impeachment of the witness, Mr. Sobczak." Subsequently, the trial court denied defendant's motion to dismiss, finding that defendant consented to the mistrial and that the mistrial was not based on prosecutorial misconduct.

************************************************************************

Before defendant's second trial, the trial court ruled that evidence regarding Sobczak's legal obligation to register his residence and his failure to identify defendant's address as his registered residence was both relevant and admissible under the circumstances, but that his associated sex-offender status was not.[1] But contrary to defendant's argument, the objective facts and circumstances do not support a finding that the prosecutor's questions at the first trial were intended to goad defendant into moving for a mistrial. The prosecutor had evidence that the sex offender registry showed two listed addresses for Sobczak during the relevant period, neither of which was defendant's address on Keystone Street. This evidence was relevant to impeach Sobczak's trial testimony that he resided with defendant on the day of the shooting. MRE 401. The prosecutor made logical arguments to support her position, her arguments were not baseless, and she submitted caselaw to the trial court that she believed supported her position that the evidence was admissible. "[A] prosecutor's good-faith effort to admit evidence does not constitute misconduct." *People v. Dobek*, 274 Mich.App 58, 72; 732 NW2d 546 (2007). Although the trial court ultimately ruled at the first trial that the evidence disclosing Sobczak's status as a sex offender, which was the basis for Sobczak's legal duty to register his address, was unduly prejudicial, defendant has not demonstrated that the prosecutor engaged in the line of questioning to incite defendant into moving for a mistrial.

Moreover, the objective circumstances do not show that the prosecution gained any advantage by having a mistrial declared and proceeding to a second trial, and defendant has failed to provide any reason why the prosecutor would have been motivated to obtain a mistrial. To the contrary, defendant moved for a mistrial on the seventh day of trial, after the

---

[1] We note that the prosecutor did not ask Sobczak any questions regarding his duty to register his home address at the second trial. (Footnote original).

5

prosecutor had rested its case, and there is no indication that the prosecutor's case was going poorly. Moreover, the prosecutor vehemently argued against the mistrial motion. The prosecutor encouraged the trial court to provide a cautionary instruction to cure any perceived prejudice, which she claimed could properly guide the jury in evaluating the evidence, and she repeatedly disagreed with defendant's position that no curative instruction could remedy the situation. Under these circumstances, the record does not support defendant's claim that the prosecutor intentionally engaged in conduct to provoke defendant into moving for a mistrial. The trial court did not err in denying defendant's motion to dismiss on double jeopardy grounds.

*People v. Moore*, 2011 WL 6268206, at *1–3

"The Double Jeopardy Clause . . . protect[s] a defendant against governmental actions intended to provoke mistrial requests . . . ." *United States v. Dinitz*, 424 U.S. 600, 611 (1976). In *Oregon v. Kennedy*, the Supreme Court clarified that *Dinitz* bars retrial "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial. . . ." 456 U.S. 667, 676 (1982)(emphasis added). The Supreme Court has never expanded the rule of *Dinitz* and Kennedy to cover cases in which "the prosecutorial misconduct in the first trial aimed only to secure a conviction." *Aceval v. MacLaren*, 578 F.App'x 480, 483 (6th Cir. 2014).

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the

circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45. In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012)(quoting *Harrington*, 562 U.S. at 103).

During the first trial, the prosecutor produced evidence that the sex offender registry had two addresses listed for Sobczak. Petitioner's address was not one of the listed addresses. This evidence was relevant to impeach Sobczak's trial testimony that he resided with petitioner on the day of the shooting.

As a result of the testimony pertaining to the sex offender registry, petitioner moved for a mistrial on the seventh day of trial, after the prosecution had rested its case, and without any indication that the case was going poorly. The prosecutor argued vehemently against petitioner's motion for a mistrial. The prosecutor also argued for a curative instruction, which petitioner opposed. There was no indication that the prosecutor asked Mr. Sobczak about the sex offender registry to goad petitioner into requesting a mistrial. In rejecting petitioner's double jeopardy claim, the Michigan Court of Appeals found that the questions posed by the prosecutor to Sobczak were relevant to establishing that Sobczak was not residing with petitioner at the time of the shooting. A prosecutor does not commit misconduct by asking witnesses relevant questions. *See Slagle v. Bagley,* 457 F.3d 501, 518 (6th Cir. 2006). The Michigan Court of Appeals further found that petitioner "failed to provide any reason why the prosecutor would have been motivated to obtain a mistrial." *Moore*, 2011 WL 6268206, at *3.

The Michigan Court of Appeals reasonably determined that, "A prosecutor's good-faith effort to admit evidence does not constitute misconduct." *Moore*, 2011 WL 6268206, at *2. accord *Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008). "The prosecutor made logical arguments to support her position, her arguments were not baseless, and she submitted caselaw to the trial court that she believed supported her position that the evidence was admissible." *Moore,* 2011 WL 628206, at *2. Petitioner demanded a mistrial over objections made by the prosecutor. The trial court did not err by refusing to dismiss petitioner's case based on double jeopardy grounds when petitioner demanded a mistrial based on evidence offered by the prosecutor which was relevant to impeach witness testimony. Petitioner is not entitled to relief on his first claim.

**B. Claim # 2. The Confrontation Clause claim.**

Petitioner next contends that he is entitled to habeas relief due to a violation of his right to confrontation by the admission into evidence of a statement made by a police officer who did not testify at trial.

Respondent argues that petitioner waived this claim when he "specifically acquiesced to the prosecutor playing the DVD of [petitioner]'s police interview as rebuttal evidence,"[]"thereby extinguishing any error." *Moore*, 2011 WL 6268206, at *4.

Waiver is an "'intentional relinquishment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993)(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A criminal defendant who has waived his rights "may not then seek appellate review of claimed deprivation of those rights, for his waiver has extinguished any error." *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996)(citing *Olano*, 507 U.S. at 733-34). *See also Shahideh v. McKee*, 488 F.App'x 963, 965 (6th Cir. 2012)("waiver is a recognized,

independent and adequate state law ground for refusing to review alleged trial errors"). The right to confrontation may be waived, including by a failure to object to the "offending evidence." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 314, n. 3 (2009). Because defense counsel stipulated to the admission of this evidence, petitioner has waived review of his Confrontation Clause claim. See *United States v. Chun Ya Cheung*, 350 F.App'x 19, 21-22 (6th Cir. 2009). Moreover, a defendant in a criminal case cannot complain of error which he himself has invited. *Shields v. United States*, 273 U.S. 583, 586 (1927). When a petitioner invites an error in the trial court, he is precluded from seeking habeas corpus relief for that error. *See Fields v. Bagley,* 275 F.3d 478, 486 (6th Cir. 2001). By agreeing to the admission of statements made by the police officer during a custodial interrogation, petitioner is precluded from seeking habeas relief on his second claim.

### C. Claim # 3. The perjury/actual innocence claim.

Petitioner contends that he is entitled to habeas relief because he claims that the State's star witness, Arkena Anderson, posted an admission on Facebook that her trial testimony was perjured.

In his motion for relief from judgment, petitioner presented the trial court with "new evidence" in the form of a printout of a conversation on Facebook between a user purporting to be Arkena Anderson and a woman identified as "Ily Taylor Faith." In the conversation, "Faith" accuses Ms. Anderson of lying and setting up her cousin, who purportedly was petitioner. In the exchange, Ms. Anderson denies it, saying that she never said that petitioner killed her uncle, only that she said she saw petitioner with a gun.

To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the

9

statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998). However, a habeas petitioner must show that a witness' statement was "indisputably false," rather than misleading, to establish a claim of prosecutorial misconduct or a denial of due process based on the knowing use of false or perjured testimony. *Byrd v. Collins*, 209 F.3d 486, 517-18 (6th Cir. 2000).

Mere inconsistencies in a witness' testimony do not establish the knowing use of false testimony by the prosecutor. *Coe*, 161 F.3d at 343. The fact that a witness contradicts himself or herself or changes his or her story also does not establish perjury. *Malcum v. Burt,* 276 F. Supp. 2d 664, 684 (E.D. Mich. 2003)(citing *Monroe v. Smith*, 197 F. Supp. 2d 753, 762 (E.D. Mich. 2001)). A habeas petition should be granted if perjury by a government witness undermines the confidence in the outcome of the trial. *Id.*

Assuming that Ms. Anderson was the person posting on Facebook, petitioner failed to show that Ms. Anderson committed perjury. At trial, Anderson never testified that she saw petitioner shoot the victim, only that she saw petitioner with a gun following Rayford's shooting and that she heard petitioner make incriminating statements. Ms. Anderson's trial testimony is consistent with her alleged comments on Facebook.

There are only two inconsistencies. First, in the Facebook conversation, Anderson claims that she "never said" petitioner murdered the victim, but at trial she testified that she identified petitioner as the shooter to Detroit Police Sergeant Gary Diaz. (Tr. 5/18/10, p. at 86). Second, in the Facebook conversation, "Anderson" said, " I [sic] told them he didnt [sic] do it[.]"

Mere inconsistencies in a witness' testimony do not establish perjury nor does the

10

fact that the witness changes his or her story. Moreover, the Facebook conversation took place after petitioner's trial. Petitioner has not shown that the prosecutor knowingly elicited false testimony, or allowed known false testimony to go uncorrected. The Facebook conversation does not establish that the prosecutor knew of any untruthful statements made by Anderson. Petitioner is not entitled to habeas relief on his perjury claim, because he has failed to show that the prosecutor knew that Ms. Anderson testified falsely on this matter. *See Rosencrantz v. Lafler,* 568 F.3d 577, 587 (6th Cir. 2009).

Petitioner's related actual innocence claim based on newly discovered evidence is unconnected to any colorable claim of a violation of his rights under the Constitution. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Petitioner has not shown that the prosecutor provided perjured testimony or failed to correct perjured testimony offered at trial. Petitioner is not entitled to relief on his actual innocence/perjury claim.

### IV. Conclusion

The Court will deny the petition for a writ of habeas corpus with prejudice. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were

11

adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

### IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/ Nancy G. Edmunds
**HONORABLE NANCY G. EDMUNDS**
UNITED STATES DISTRICT JUDGE

Dated: June 29, 2017